**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MARCUS PIZZARO,

Plaintiff,

-against-

VERITAS PROPERTY MANAGEMENT LLC, et al.,

Defendant.
-----------------------------------------------------------------X

**24-CV-10050 (VF)**

**ORDER OF DISMISSAL**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On July 15, 2026, the Court declined to approve the settlement agreement submitted in this action under the Fair Labor Standards Act and the New York Labor Law, because it contained an improper waiver of reemployment provision. See ECF No. 35. The parties have resubmitted the Settlement Agreement without the waiver of reemployment provision. See ECF No. 36-1 (the "Agreement"). For the reasons stated herein, the Agreement is approved and the case is dismissed.

The Court has reviewed the Agreement (ECF No. 36-1), supporting letters (ECF Nos. 30, 36), billing records (ECF No. 30-2), and invoices (ECF No. 30-3) to determine whether the Agreement represents a reasonable compromise of the claims asserted in this action. See ECF Nos. 30, 36. Plaintiff will receive a total of $80,000 under the Agreement. ECF No. 36-1 at 2. Of the $80,000 settlement amount, Plaintiff's counsel will receive $27,118, consisting of $26,406 in attorney's fees and $782 in costs. The requested amount in attorneys' fees, $26,406, is approximately one-third of the total settlement amount of $80,000, which is appropriate. See Araus v. Primos Live Poultry Inc., No. 24-CV-1044 (MKV), 2025 WL 2998059, at *2 (S.D.N.Y. Sept. 23, 2025) (approving settlement where "[t]he proposed attorneys' fees represent approximately one-third of the total settlement amount after deducting costs"). And although the

award of fees, when costs are included, exceed 33.33% of the settlement amount, courts have approved such fee awards. See Myers v. Life Alert Emergency Response, Inc., No. 23-CV-03609 (ER), 2024 WL 422057, at *2 (S.D.N.Y. Jan. 5, 2024) ("The Court further concludes that the proposed attorney fees and costs are reasonable. [Plaintiff's] counsel will receive $10,318 for fees and costs, which is about 34.4% of the total settlement. The amount requested in attorney fees is $9,841, which is one-third of the net settlement amount after deducting litigation costs.") (internal citations omitted); Araus v. Primos Live Poultry Inc., No. 24-CV-1044 (MKV), 2025 WL 2998059, at *2 (S.D.N.Y. Sept. 23, 2025) (approving settlement where "[t]he proposed attorneys' fees represent approximately one-third of the total settlement amount after deducting costs").

Thus, in light of the totality of the relevant circumstances, including the representations made in the parties' letter and the terms of the proposed Agreement, it is hereby **ORDERED** that:

1. The Court finds that the terms of the Agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.
2. This Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.
3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of the written documentation of the settlement is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4. The Clerk of Court is directed to close this case.

**SO ORDERED.**

DATED: New York, New York
September 10, 2026

VALERIE FIGUEREDO
United States Magistrate Judge